ALEXANDER BARROSO,

    Movant,

vs.                               REPORT OF
                                   MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

    Respondent.
_____/

## I. Introduction

This matter is before the Court upon Movant's unverified[1] pro se motion to vacate, filed pursuant to 28 U.S.C. §2255, attacking the constitutionality of his conviction and sentence for one count of conspiracy to encourage and induce aliens to enter the United States (count 1) and one count of aiding and assisting certain aliens to enter the United States (count 16), entered following a guilty plea in case number 16-20617-Cr-Gayles.

This cause was referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

No order to show cause was issued because, on the face of the motion, together with the underling criminal record, it is evident the Movant is not entitled to any relief. See Rule 4, Rules

---

[1] Movant was given until June 8, 2017 to verify the motion using a form supplied by the court. See DE#5. However, given that the transcripts of the change of plea and sentencing hearings were already filed by the government and that Movant's motion has no merit, there is no reason to delay resolution of the case until after the Movant files the verification.

Governing Section 2255 Proceedings.[2]

In issuing this report, the undersigned has carefully reviewed and considered the instant motion, (CV-DE#1), the Presentence Investigation Report ("PSI"), the Statement of Reasons ("SOR"), the change of plea and sentencing transcripts (CR-DE## 203, 204) and all relevant portions of the underlying criminal file.

## II. Claims

Construing the §2255 motion liberally, as afforded pro se litigants pursuant to Haines v. Kerner, 404 U.S. 519 (1972), the Movant seems to raise the following two grounds[3] for relief: (1) that he was denied effective assistance of counsel, where his attorney failed to ensure that he received consideration for his assistance to the United States Government, either in the form of a 5K1 or a Rule 35 motion; and (2) that he should not have been convicted pursuant to 8 U.S.C. §1327 because he was not aware that any of the aliens transported on the vessel had a felony conviction. (Cv-DE#1:2).

## III. Factual Background and Procedural History

---

[2] Rule 4 of the Rules Governing Section 2255 Petitions provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[3] Movant is cautioned that arguments not raised by him before the magistrate judge cannot be raised for the first time in objections to the undersigned's Report. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(quoting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)). Thus, "[W]here a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." Daniel v. Chase Bank USA, N.A., 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009)(citing Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009). Here, if Movant attempts to raise a new claim or argument in support of this §2255 motion, the court should exercise its discretion and decline to address the newly-raised arguments.

The stipulated factual proffer reveals that on August 4, 2016, at approximately 10:30 p.m., a United States Customs and Border Protection ("CBP"), Air and Marine Operations ("AMO") aircraft observed a 21 foot vessel in international waters heading West towards the United States. (DE#119:1). The CBP AMO aircraft directed a marine unit to intercept the vessel. (DE#119:1). At approximately 11:15 p.m., the CBP AMO vessel interdicted the target vessel bearing Florida registration number FL5091NN, 7 nautical miles East of Key Biscayne, Florida. Movant and Israel Vladimir Antela Guisado were observed by marine agents at the helm. (DE#119:1). The vessel had an additional 13 passengers of various nationalities. (DE#119:1).

None of the 13 passengers had permission to enter the United States on August 4, 2016. (DE#119:1). Nor had any of the passenger sought permission from the United States Attorney General or her successor, the Secretary for Homeland Security, to be readmitted into the United States after having been previously deported. (DE#119:1-2). In addition, one of the passengers had previously been deported after being convicted of an aggravated felony, and was inadmissible into the United States. (DE#119:2).

In a post-*Miranda*[4] interview, Movant admitted that he launched his vessel from Key Biscayne, Florida, around 6:30 p.m. on August 4, 2016 to travel to Bimini, Bahamas, to pick up the 13 migrants. (DE#119:2). He further admitted that he expected to be paid $13,000 by co-conspirator, Jose Enrique Calafet-Perez, upon arrival back to South Florida. (DE#119:2). According to Movant, Calafet-Perez had recently purchased the vessel for $19,000 and had Movant title and register the vessel so that Movant could illegally transport items

---

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

3

from the Bahamas to the U.S. (DE#119:2).

On August 19, 2016, the Movant and twelve (12) codefendants were charged in a twenty-five (25) count Indictment. More specifically, the Movant was charged with one count of conspiracy to encourage and induce aliens to enter the United States (Count 1); thirteen (13) counts of knowingly encouraging an alien to enter the United States (Counts 2-14); and two (2) counts of aiding and assisting certain aliens to enter the United States (Counts 15-16). (CR-DE#34). Movant pled guilty pursuant to a plea agreement to count 1, conspiracy to encourage and induce aliens to enter the United States, and count 16, aiding and assisting certain aliens to enter the United States. (CR-DE##116; 118; 203; PSI ¶1). The remaining charges were dismissed pursuant to the plea agreement. (CR-DE#118; PSI ¶2).

Prior to sentencing, a PSI was prepared, which revealed that the base offense level was set at 23, pursuant to U.S.S.G. §2L1.1(a)(2), because the Movant was convicted under 8 U.S.C. §1327 of a violation involving an alien who had previously been deported after a conviction for an aggravated felony. (PSI ¶24). An additional three-level increase was added to the base offense level, because the offense involved the smuggling of six (6) but less than twenty-four (24) unlawful aliens. (PSI ¶25). The adjusted offense level was 26. (PSI ¶29). The probation officer recommended a three level adjustment for acceptance of responsibility. (PSI ¶¶31; 32). Thus, the total offense level was 23. (PSI ¶33).

The probation officer determined that Movant had two criminal history points, resulting in a criminal history category II. (PSI ¶¶41, 42). Based on a total offense level of 23 and a criminal history category II, the Movant's advisory guideline range was between 51 months imprisonment at the low end, and 63 months imprisonment at the high end. (PSI ¶76). Statutorily, Movant faced

4

a maximum term of ten (10) years imprisonment on Count 1, for violation of 8 U.S.C. §1324(B)(i), and ten (10) years imprisonment on Count 16, for violation of 8 U.S.C. §1327 . (PSI ¶75).

Prior to sentencing, Movant filed a sentencing memorandum, arguing that because this was his first offense of this kind and he immediately assisted the law enforcement in the arrest of a co-defendant, he should be sentenced significantly below the guidelines. (CR-DE#191).

On February 7, 2017, the Government filed objections to the PSI arguing that Movant's offense level should be increased by two (2) levels pursuant to U.S.S.G. §2L1.1(b)(6), as it was increased for two of Movant's codefendants, Israel Vladimir Antela Guisado and Jose Enrique Calafet-Perez. (CR-DE#193). The Government pointed out that if the enhancement were to apply to Movant, his total offense level would be 25 and his sentencing guideline range would be 63 to 78 months imprisonment. (CR-DE#193).

The sentencing hearing was held on February 8, 2017. (CR-DE##). Review of the sentencing hearing transcript reflects that the District Judge sustained the Government's untimely objection for purposes of consistency and found that the two (2) level enhancement pursuant to U.S.S.G. §2L1.1(b)(6) applied in this case. (CR-DE#204:4-5). Thus, the Movant's total offense level became 25. (CR-DE#204:5). Given a total offense level of 25 and a criminal history category of II, Movant's sentencing guideline range became 63 to 78 months imprisonment. (CR-DE#204:5). The Movant was sentenced below the sentencing guideline range, to a total term of 36 months imprisonment, consisting of 36 months as to each of counts 1 and 16, the terms to be served concurrent to each other, and to be followed by 2 years of supervised release as to each count 1 and 16, to be served concurrent to each other. (CR-DE## 195; 204).

The judgment was entered by the clerk on February 9, 2017. (CR-DE#195). Movant did not appeal his conviction and sentence. Therefore, for purposes of the federal one-year limitations period, Movant's judgment of conviction in the underlying criminal case became final on **February 23, 2017,** fourteen (14) days after the entry of the judgment, when the time for filing a notice of appeal expired. Thus, Movant's instant motion, which was executed[5] on March 12, 2017, is within the one-year statutory limitations period.

## IV. Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

The Eleventh Circuit has promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct

---

[5] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App.P. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

appeal." Frady, 456 U.S. at 152; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under section 2255. This is because "[r]elief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232-33 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)); see also, Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc), cert denied, 135 S.Ct. 2836 (2015). The Spencer court noted that a misapplication of the sentencing guidelines can never rise to the level of a fundamental "miscarriage of justice" necessary to make a section 2255 claim cognizable. Spencer, 773 F.3d at 1143-44.

If a court finds a claim brought pursuant to §2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255(b). To obtain this relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 166, 102 S.Ct. at 1584 (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Section 2255 further provides that unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations

7

or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). See also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous"). As indicated by the discussion below, the motion and the court records conclusively show that movant is entitled to no relief, therefore, no evidentiary hearing is warranted.

In addition, the party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the §3553(a) factors. United States v. Dean, 635 F.3d 1200, 1209-1210 (11th Cir. 2011) (citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)); see also United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir. 2010); United States v. Bostic, 645 Fed.Appx. 947, 948 (11th Cir. 2016) (unpublished). The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. Talley, 431 F.3d 784.

The standard for a successful claim of ineffective assistance of counsel was established in the two-pronged Strickland[6] test, which requires a movant to prove both deficient performance and prejudice to be entitled to relief. Performance is "measured against an objective standard of reasonableness under the prevailing professional norms." Rompilla v. Beard, 545 U.S. 374, 381, 125 S.Ct. 2456, 2462, 162 L.Ed. 2d 360 (2005) (internal quotation marks and citations omitted). To prove deficient performance, a movant must identify specific acts or omissions by

---

[6] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

counsel that are so serious "that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The prejudice prong in the context of sentencing errors requires a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203-04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

Likewise, a §2255 movant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406-07 (11th Cir.1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr's, 697 F.3d 1320, 1333-34 (11th Cir. 2012); Garcia v. United States, 456 Fed.Appx. 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991), cert. denied sub nom. Tejada v. Singletary, 502 U.S. 1105 (1992); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)); United States v. Ross, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail ... are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer

9

could have acted as defense counsel did given the circumstances. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).

## V. Discussion

In **claim 1**, Movant asserts he was denied effective assistance of counsel, because his attorney failed to ensure that he would receive credit for substantially assisting the government, either in the form of a 5K1 or Rule 35 motion. Plaintiff argues that codefendant Israel Vladimir Antela Guisado, who did not assist the government in the apprehension of the leader and organizer of the operation, received a Rule 35 reduction. (Cv-DE#1:2).

Section 5K1.1 of the Sentencing Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. §5K1.1. The government, however, has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993)(quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)). Therefore, a district court cannot grant a downward departure for substantial assistance absent a motion by the government. Id. at 1501.

Rule 35(b) also allows the government to move the district court to reduce a defendant's sentence after sentencing when the

10

defendant provides substantial assistance in investigating or prosecuting another person. See Fed.R.Cr.P. 35(b). Like a 5K1.1 motion, the government has the power, but not the duty, to file a Rule 35(b) motion when the defendant has provided substantial assistance. Wade v. United States, 504 U.S. 181, 185 (1992). The Supreme Court has held that federal district courts may review the government's refusal to file a substantial-assistance motion or Rule 35 motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 186-87. In the absence of this showing, the defendant has no right to discovery or an evidentiary hearing on the issue. Id. at 186. In Wade, the Court noted that a defendant would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate government interest. Id.

Applying the Supreme Court's holding in Wade, the Eleventh Circuit has concluded that "courts are precluded from intruding into prosecutorial discretion," except where there is "an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." See United States v. Gonslaves, 121 F.3d 1416, 1419 (11th Cir.1997); United States v. Forney, 9 F.3d 1492, 1501-1502 (11th Cir.1993)(citing Wade v. United States, 504 U.S. 181 (1992)). In Forney, the court noted that general contract principles do not control when the government has not specifically agreed to file a U.S.S.G. §5K1.1 motion, and, therefore, there must be a substantial showing of an unconstitutional motivation in order to warrant judicial review. Id. at 1500 n.3.

Here, Movant has not specified what kind of assistance he has provided to the government, but has merely pointed out that Israel

11

Vladimir Antela Guisado, one of his codefendants, who is represented by different counsel, has received a Rule 35 reduction as a result of his counsel's efforts, notwithstanding that the codefendeant has not helped the government apprehend the organizer of the operation. Movant alleges that the lack of a substantial assistant or a Rule 35 motion in his case is evidence that his counsel was ineffective. These tenuous allegations are insufficient to warrant judicial intervention. The United States Attorney's exercise of prosecutorial discretion in this case is immunized from judicial review. The Movant, therefore, is bound by the decision of the United States Attorney not to file a substantial assistance or Rule 35 motion. Under the facts of this case, no showing has been made that the Movant is entitled to specific performance, nor that the government breached the terms of an "oral" or "written" agreement regarding cooperation. See Forney, 9 F.3d at 1499-1502.

In addition, Movant has not made substantial showing that the government's failure to file a Rule 35 motion was based on an unconstitutional motive. Constitutionally impermissible motivations include race, religion, and the exercise of a constitutional right to a jury trial. See United States v. Dorsey, 512 F.3d 1321 (11th Cir. 2008).

To the extent the Movant means to argue that the government has acted in bad faith by filing a Rule 35(b) motion in codefendant's case[7] but not in Movant's case, that alone is insufficient to justify judicial review. See United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000)("[This court] limit[s

---

[7] A review of the court docket in codefendant's case, reflects that the government had only filed a Rule 35(b) motion in that case on May 2, 2017. (16-cr-20617-DPG-3: DE#199). The codefendant filed a response on May 3, 2017, requesting a hearing on the motion. (16-cr-20617-DPG-3: DE#199). Thus, contrary to Movant's allegations, his codefendant Israel Vladimir Antela Guisado has not yet received the reduction. The Rule 35(b) motion was not even filed by the government in codefendant's case at the time when Movant filed the instant motion.

12

its] review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive.").

Under the circumstances present here, movant has not demonstrated deficient performance or prejudice pursuant to Strickland arising from counsel's failure to pursue this issue. Consequently, he is entitled to no relief on this claim.

In **claim 2**, Movant appears to argue that he should not have been convicted pursuant to 8 U.S.C. §1327 because he was not aware that any of the aliens transported on the vessel had a felony conviction. (Cv-DE#1:2).

First, the undersigned notes that any challenge to the lawfulness of Movant's conviction and sentence on the basis that he did not knowingly aid and assist certain aliens to enter the United States, in violation of 8 U.S.C. §1327 could have been, but was not raised on direct appeal. A motion to vacate under §2255 is not a substitute for direct appeal, and issues that could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234-35; Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a §2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the

13

defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. No such showing was made here, and Movant's instant claim for relief is procedurally barred.

Even if Movant's claim were not procedurally barred, it lacks any merit for the reasons set forth herein. Movant argues that he lacked knowledge that any of the aliens on board of the vessel had prior felony convictions and therefore he could not be convicted as charged in count 16 of the Indictment.[8]

The Eleventh Circuit has explained that a defendant is guilty of violating §1327 if he: (1) knowingly aided or assisted an alien to enter the United States; (2) knew that the alien was inadmissible; and (3) the alien was inadmissible under 8 U.S.C. §1182(a)(2) for having been convicted of an aggravated felony. United States v. Chand, 622 Fed.Appx. 780 (11th Cir. 2015) (citing 8 U.S.C. §1327). For purposes of the second element, the government must prove only that the defendant knew the alien was inadmissible and need not prove that the defendant had knowledge the alien was inadmissible due to a prior felony conviction. United States v. Lopez, 590 F.3d 1238, 1254 (11th Cir. 2009) (citing United States v. Figueroa, 165 F.3d 111, 114 (2d Cir. 1998) and United States v. Flores-Garcia, 198 F.3d 1119, 1123 (9th Cir. 2000)). The Eleventh Circuit has also held that there is "no temporal requirement in §1327," and that the statute merely requires that the defendant "knew the alien he aided or assisted was inadmissible at some point before the alien sought to enter the United States." Lopez, 590 F.3d at 1254.

---

[8] Count 16 of the Indictment charged Movant with knowingly aiding and assisting an alien who was inadmissible under 8 U.S.C. §1182(a)(2) due to a felony conviction, to enter the United States. (CR-DE#34).

14

Here, the Movant does not argue that he had no knowledge that the aliens he aided or assisted were inadmissible. In fact, the factual proffer clearly shows that Movant must have been aware that all the aliens he was transporting were inadmissible since he was expecting to be paid $1,000 per person and he was aware that his codefendant Jose Enrique Calafet-Perez had purchase the vessel and had Movant title and register the vessel so he could illegally transport items from the Bahamas to the United States.

During the change of plea hearing, Movant acknowledged under oath that he had the opportunity to read the factual proffer, which was also translated for him from English into Spanish. (CR-DE#203:2, 10-11). He admitted that the facts contained in the factual proffer were a true and accurate description of what happened in this case. (CR-DE#203:11). Therefore, under the facts of these case it is clear that the Movant had the requisite knowledge under the statute that the aliens on the vessel were inadmissible in the United States. Knowledge that one of the aliens was inadmissible due to a prior felony conviction is not required. Lopez, 590 F.3d at 1254. Therefore, Movant's instant claim is without merit.

Finally, it should further be noted that this court has considered all of the Movant's arguments raised in his §2255 motion. (Cv-DE#1). See Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013)(citing Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992)). Movant has failed to demonstrate he is entitled to vacatur of his conviction and sentence. Thus, to the extent a precise argument, subsumed within the foregoing ground for relief, was not specifically addressed herein, the claim was considered and found to be devoid of merit, warranting no discussion herein. To the extent he attempts to raise new arguments for the first time in his traverse, those claims should be barred.

15

## VI. Evidentiary Hearing and Appointment of Counsel

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. See Schriro v. Landrigan, 550 U.S. 465, 473-75, 127 S.Ct. 1933, 1939-40, 127 S.Ct. 1933 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Townsend v. Sain, 372 U.S. 293, 307 (1963); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record."). No such showing has been made here.

Movant's request for appointment of counsel should be denied. The appointment of counsel in civil cases is not a constitutional right but "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). This rule extends to postconviction proceedings. See Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). No such exceptional circumstances exist here to justify the appointment of counsel.

## VII. Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a)

provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2255 Proceedings, Rule 11(b), 28 U.S.C. foll. §2255.

After review of the record, Movant is not entitled to a certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); see also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the §2255 motion is clearly time-barred, Movant cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2255 Proceedings, Rule 11(a), 28 U.S.C. foll. §2255: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VIII. Conclusion and Recommendations

In conclusion, the record reveals that Movant is not entitled to relief on any of the arguments presented and that he is not entitled to vacatur of his conviction and sentence.

17

Based on the foregoing, it is recommended that: (1) the motion to vacate be DENIED on the merits; (2) Movant's request for appointment of counsel be denied; (3) no certificate of appealability issue; and (4) this case be closed.

Objections to this report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the report.

SIGNED this 2nd day of June, 2017.

UNITED STATES MAGISTRATE JUDGE

Cc: Alexander Barroso, pro se
   BOP#: 09414-104
   Miami FDC
   Federal Detention Center
   Inmate Mail/Parcels
   Post Office Box 019120
   Miami, FL 33101

   Emily Anne Rose, Assistant United States Attorney
   99 N.E. 4th Street
   Miami, FL 33132
   Email: Emily.Rose@usdoj.gov